GARY M. RESTAINO
United States Attorney
District of Arizona

SEAN K. LOKEY
Assistant United States Attorney
Arizona State Bar No. 033627
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sean.lokey@usdoj.gov

TANYA SENANAYAKE
Trial Attorney
D.C. Bar No. 1006218
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Suite 7600
Washington, DC 20530
Telephone: 202-514-0849
Email: Tanya.Senanayake3@usdoj.gov

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>        v.<br><br>Joshua Wayne Russell,<br><br>             Defendant. | No. CR-22-01661-PHX-SPL<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

### UNITED STATES' SENTENCING MEMORANDUM

The State of Arizona held its primary elections on August 2, 2022. On that day, Defendant Joshua Russell left a voicemail for the victim (hereinafter, "Public Official"), an election official with the Arizona Secretary of State's Office, in which he accused Public Official of committing election fraud and threatened her life. On September 9, 2022, Defendant left a second threatening voicemail message for the Public Official. And, on

November 15, 2022, Defendant left a third voicemail death threat for the Public Official, this time from a different phone number.

On December 9, 2022, Defendant was charged by complaint in Phoenix, Arizona for sending interstate threatening messages, and Defendant was arrested and made his initial court appearance on December 12, 2022, in the Northern District of Ohio.  On December 14, 2022, Defendant was charged by indictment with three counts of interstate threats, in violation of 18 U.S.C. § 875(c), and three counts of making a threatening interstate telephone call, in violation of 47 U.S.C. § 223(a)(1)(C).  Defendant pled guilty to one count of transmitting an interstate threatening communication.

Threats such as those sent by Defendant represent a growing problem of national concern: As is true in this case, threats leave public officials who administer elections fearful for their lives and for the safety of their families.  Such threats undermine the rule of law, and they create conditions of fear and intimidation for public officials and government workers that challenge core tenets of our democracy.

For the reasons discussed below, a sentence of 30 months of imprisonment is sufficient but not greater than necessary to comply with the purposes outlined in 18 U.S.C. § 3553.

**I.     BACKGROUND**

The Draft Presentence Investigation Report ("PSR"), ECF No. 42, and the lodged plea agreement ("Plea Agreement"), ECF No. 35, provide detailed information regarding the facts underlying the charged conduct, so the government only briefly describes the facts here.

Arizona's primary elections were held on August 2, 2022, and its general election was held on November 8, 2022.[1]  The election was certified in Arizona on December 5, 2022.[2]

---

[1]     Arizona Sec'y of State, Elections: 2022 Election Information, *available at* https://azsos.gov/elections/results-data/election-information/2022-election-information (last visited Mar. 14, 2024).

[2]     Arizona Sec'y of State, Elections: 2022 General Election Canvass, *available at*

On August 2, 2022, Defendant left a voicemail for Public Official on her desk line, in which he stated the following:

> This message is for traitor [full name of Public Official]. You've drug your feet, you've done nothing, to protect our election for 2020. You're committing election fraud, you're starting to do it again, from day one. You're the enemy of the United States, you're a traitor to this country, and you better put your sh[inaudible], your fucking affairs in order, 'cause your days [inaudible] are extremely numbered. America's coming for you, and you will pay with your life, you communist fucking traitor bitch.

(PSR ¶¶ 6, 11; Plea Agreement at 7.) Upon listening to the voicemail from Defendant, employees with the Arizona Secretary of State's Office expressed fear and immediately reported the message to law enforcement. (Plea Agreement at 7.) Federal and state law enforcement immediately began investigating the voicemail as potentially posing an imminent threat to the life of the Public Official. (*Id.* at 7-8.)

On September 9, 2022, Defendant left a second voicemail for the Public Official, in which he stated the following:

> This message is for terrorist [last name of Public Official]. The only reason you're still walking around on this planet is because we're waiting for the midterms to see you prosecuted for the crimes you have done to our nation. You are a terrorist. You are a derelict criminal. And you have a few short months to see yourself behind bars, or we will see you to the grave. You are a traitor to this nation, and you will suffer the fucking consequences.

(PSR ¶¶ 7, 11; Plea Agreement at 8.) The Arizona Secretary of State's Office provided the September 9, 2022 voicemail message to federal law enforcement. (Plea Agreement at 8.)

On November 15, 2022, Defendant left a third voicemail message for Public Official, this time from a different phone number, in which he stated:

> This message is for communist, criminal, [full name of Public Official]. We will not endure your crimes on America another day. You've been busted, over and over again. We will not wait for you to be drugged through court. A war is coming for you. The entire nation is coming for you. And we will stop, at no end, until you are in the

---

https://azsos.gov/elections/results-data/election-information/2022-election-information/2022-general-election-canvass (last visited Mar. 14, 2024).

- 3 -

> ground. You're a traitor to this nation. You're a fucking piece of shit communist, and you just signed your own death warrant. Get your affairs in order, cause, your days are very short.

(PSR ¶¶ 8, 11; Plea Agreement at 8.)  Upon listening to the November 15, 2022 voicemail message from Defendant, employees with the Arizona Secretary of State's Office expressed fear and reported the message to law enforcement.  (Plea Agreement at 8.) Federal and state law enforcement began investigating the voicemail as potentially posing an imminent threat to the life of the Public Official.  (*Id*.)

Defendant was located in Ohio when he left each of the three voicemail messages. (Plea Agreement at 7-8.)  On December 9, 2022, Defendant was charged by complaint in the District of Arizona for sending interstate threatening messages.  (Complaint, ECF No. 3.)  Defendant was arrested and made his initial court appearance on December 12, 2022, in the Northern District of Ohio.  (ECF No. 7, at 6.)  On December 14, 2022, Defendant was charged by indictment in the District of Arizona with three counts of making an interstate threatening communication, in violation of 18 U.S.C. § 875(c), and three counts of making a threatening interstate telephone call, in violation of 47 U.S.C. § 223(a)(1)(C). (Indictment, ECF No. 1.)

On December 8, 2022, investigators attempted to contact Defendant and serve a search warrant at Defendant's residence in Bucyrus, Ohio.  (PSR ¶ 9; *see* ECF No. 3, at 9-10.)  When law enforcement confronted Defendant at the door, Defendant opened it halfway, then closed the door. (*Id*.)  Investigators subsequently formed a perimeter around his residence and announced they possessed a search warrant.  (*Id*.)  Defendant grew belligerent and barricaded himself in his residence for approximately 15 to 20 minutes, leading law enforcement to deploy a flash bang device.  (*Id*.)  Defendant eventually exited his residence.  (*Id*.)  Throughout the time Defendant spoke with investigators, he maintained a belligerent demeanor, shouting and calling them names. (*Id*.)

At this time, when he was questioned by law enforcement, Defendant denied that he had transmitted the three voicemail messages described above.  (PSR ¶ 9; Plea Agreement at 8-9.)  After Defendant was arrested, he admitted that he had transmitted the

three above-described voicemail messages. (PSR ¶¶ 10, 11; Plea Agreement at 9.)

On August 31, 2023, Defendant pled guilty to Count One, making an interstate threatening communication, in violation of 18 U.S.C. § 875(c). (PSR ¶ 2.) Defendant acknowledged that he transmitted each of the August 2, 2022, September 9, 2022, and November 15, 2022 voicemail messages for the purpose of issuing a true threat, and that he meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. (Plea Agreement at 7 & n.1, 9.) Defendant further acknowledged that a reasonable recipient would have interpreted each of these voicemails as a true threat. (*Id*. at 9.)

## II. SENTENCING RECOMMENDATION

### A. The Court Should Sentence Defendant to 30 Months of Imprisonment

Defendant's conduct warrants a term of 30 months of imprisonment, which would be sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553.

Defendant pled guilty to one count of violating 18 U.S.C. § 875(c), which criminalizes "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c); *see* Plea Agreement at 2. In the Plea Agreement, the parties made no agreements as to sentencing except that the government would recommend that Defendant be sentenced to a term of imprisonment within the Sentencing Guidelines range as determined by the Court. (Plea Agreement at 3.)[3]

---

[3] Based on the Guidelines calculations set forth in the Draft Presentence Investigation Report ("PSR"), ECF No. 42, to which neither party objected, the government understands Defendant's Guidelines range to be 24 to 30 months. The government recommends a term of imprisonment at the top of this range for the reasons described below. Should the Court determine that Defendant's Guidelines range is different than that set forth in the Draft PSR, the government respectfully submits that it intends to make a recommendation within the Guidelines.

B. <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))</u>

The nature and circumstances of Defendant's offense conduct justify the 30-month term of imprisonment that the government seeks here. Defendant targeted the Public Official with three death threats in an attempt to intimidate her for her role in the administration of elections in Arizona. Defendant left his first message on August 2, 2022, the day of Arizona's primary elections, accusing the Public Official of election fraud and then threatening her with death: "You're committing election fraud, you're starting to do it again, from day one. You're the enemy of the United States, you're a traitor to this country, and you better put your sh[inaudible], your fucking affairs in order, 'cause your days [inaudible] are extremely numbered. America's coming for you, and you will pay with your life." Employees at the Arizona Secretary of State's Office and federal and state law enforcement viewed Defendant's voicemail message as a potentially imminent threat to the life of the Public Official. As described above, employees reported this voicemail immediately, and federal and state law enforcement expeditiously and urgently expended resources to identify the location of Defendant.

Defendant did not stop his campaign of intimidation there. He left a second threatening voicemail in September 2022. And then, after Arizona's general elections but prior to the Public Official's certification of the election, Defendant left a third death threat voicemail for the Public Official on November 15, 2022, this time using a different phone number. In this voicemail, Defendant said, in part: "We will not wait for you to be drugged through court. A war is coming for you. The entire nation is coming for you. And we will stop, at no end, until you are in the ground. You're a traitor to this nation. You're a fucking piece of shit communist, and you just signed your own death warrant. Get your affairs in order, cause, your days are very short." Subsequently, law enforcement determined that Defendant was using the same device for all three calls. (PSR ¶ 9.) Again, employees at the Arizona Secretary of State's Office and federal and state law enforcement viewed Defendant's voicemail message as a potentially imminent threat to the life of the Public

Official. As described above, employees reported this voicemail immediately, and federal and state law enforcement quickly expended resources to identify the location of Defendant.

Defendant targeted the Public Official for her role in the state's administration of elections. Defendant's voicemails caused deep fear and apprehension among the Public Official and employees at the Arizona Secretary of State's Office. With each voicemail, Defendant used exceptionally vituperative threatening language. The repeated calls, and the targeting of the Public Official during the 2022 primary and general elections, underscores the seriousness of the offense conduct here.

Criminally threatening public officials is never warranted, regardless of Defendant's views on Arizona's election results or its election administration, or how politically charged or heated Defendant believed the issues to be. The nature and circumstances of Defendant's offense conduct warrant a term of imprisonment of 30 months, at the top of the Guidelines range for Defendant.

    C.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense (18 U.S.C. § 3553(a)(2)(A))</u>

The government's sentencing recommendation accounts for the seriousness of the offense. Defendant left three voicemails containing extremely threatening statements, targeting the Public Official for her role in the administration of elections in Arizona. Defendant called the Public Official, referenced his anger surrounding his beliefs about alleged election irregularities, and demonstrated his willingness to incite fear to intimidate and coerce her into changing her behavior and performing her duties as Defendant wished. A sentence here should account for the seriousness of the offense, which strikes at one of our core democratic institutions: the administration of free and fair elections.

Further, Defendant's offense conduct—threatening a public official—undermines the rule of law itself. As described below, public officials and workers who administer elections have faced a growing number of threats to their lives and the safety of their families, and such threats have often disrupted or made more difficult the functioning of

government and the administration of elections. Given Defendant's conduct, a meaningful sentence is necessary to promote respect for the law.

Finally, a 30-month term of imprisonment would provide just punishment commensurate with the harm that Defendant caused. Defendant caused the Public Official and employees at the Arizona Secretary of State's Office to fear for the Public Official's life and safety. Defendant also caused law enforcement to expend resources during an election period to identify a potentially imminent threat to the life of one of Arizona's top election officials at the time.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

A term of 30 months of imprisonment would adequately serve the purpose of general deterrence. The government possesses no information that indicates that the Defendant will commit similar offenses in this district. However, election officials and workers report that they are targeted by threats across the nation, and this disturbing trend underscores the need for general deterrence.

According to one survey, for instance, nearly one in three local election officials report being threatened, abused, or harassed in recent years, and nearly half reported being concerned about the safety of their colleagues and/or staff.[4] Further, 73 percent of local election officials feel that threats have increased in recent years.[5] There are serious effects to threats such as the ones charged here. For instance, over 50 percent of local election workers are concerned that threats, harassment, and intimidation will harm the retention and recruitment of workers to administer elections.[6]

---

[4] *See Local Election Officials Survey*, Brennan Center for Justice at 3 (Apr. 2023), *available at* https://www.brennancenter.org/our-work/research-reports/local-election-officials-survey-april-2023.

[5] *Id*. at 11.

[6] *Id*. at 3.

These challenges to the retention and recruitment of election officials and workers have very real consequences in Arizona. In this state, "80% of the state's counties have at least one new chief local election official, and 98% of Arizonans will see the 2024 election administered by someone different than the officials who administered the 2020 election."[7] Tellingly, "the officials who left these posts took with them a combined 176 years of experience."[8]  And, "[i]n the counties with new chief local election officials, the median amount of experience these officials had dropped from about 10 years to about 1 year."[9] High turnover among election officials and workers is expensive due to costs "to search for, hire, and train new staff" on election administration processes and equipment specific to each office.[10] Further, the loss of institutional knowledge can present serious challenges to the administration and security of elections.[11]

Election officials and workers need to be able to administer and run free and fair elections safely and securely. A sentence of 30 months of imprisonment could push those who would criminally threaten election officials and workers to reconsider their planned conduct, as the public becomes increasingly aware that such criminal conduct can have serious consequences.

Further, the victims—and all individuals who administer our elections—deserve to be able to do their jobs without fear and intimidation, and to know that those who choose to threaten them will face just punishment.

---

[7] *See* Michael Beckel, *et al.*, Issue One, *The High Cost of High Turnover*, at 4 (Sept. 2023), https://issueone.org/wp-content/uploads/2023/09/The-High-Cost-of-High-Turnover-Report.pdf.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 8.

[11] *Id*. at 9-10.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to a term of imprisonment of 30 months, to be followed by a period of supervised release.

Respectfully submitted this 14th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

Sean K. Lokey
Assistant U.S. Attorney


*/s/ Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

<u>/s/ *Tanya Senanayake*</u>
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice