GARY M. RESTAINO
United States Attorney
District of Arizona

SEAN K. LOKEY
Assistant United States Attorney
Arizona State Bar No. 033627
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sean.lokey@usdoj.gov

TANYA SENANAYAKE
Trial Attorney
D.C. Bar No. 1006218
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Suite 7600
Washington, DC 20530
Telephone: 202-514-0849
Email: Tanya.Senanayake3@usdoj.gov

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     v.<br><br>Joshua Wayne Russell,<br><br>                    Defendant. | No. CR-22-01661-PHX-SPL<br><br>**GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM** |

**UNITED STATES' RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

The United States submits this response to Defendant Joshua Wayne Russell's Sentencing Memorandum and Downward Variance Request ("Def.'s Sentencing Mem."), ECF No. 48. The government respectfully submits that a custodial sentence of 30 months of imprisonment is warranted based on the facts here. The government further submits that

a term of probation would be wholly inappropriate and would not vindicate the rights of the victim (hereinafter, "Public Official") or the public.

I.  **A CUSTODIAL SENTENCE OF THIRTY MONTHS OF IMPRISONMENT IS CONSISTENT WITH THE SENTENCING FACTORS**

The government has addressed the application of the sentencing factors delineated in 18 U.S.C. § 3553(a) in its sentencing memorandum, ECF No. 47, and incorporates those arguments here.

Defendant's Sentencing Memorandum essentially requests a substantial downward variance based on Defendant's post-arrest involvement in rehabilitation programs.  (Def.'s Sentencing Mem. at 3-4.)  A downward variance would be entirely inappropriate in this case.  Defendant's conduct here was unquestionably serious:  Over the course of months, Defendant left multiple voicemails for a top election official in Arizona, each containing a death threat, each targeting that official for her role in the administration of elections in Arizona, in clear attempts to coerce that official.

Importantly, the "prohibition on true threats 'protect[s] individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.'" *Virginia v. Black*, 538 U.S. 343, 360 (2003) (citations omitted).  The record is clear that Defendant caused the Public Official and government employees to fear for the life and safety of the Public Official, and that Defendant caused federal and state law enforcement to expend resources to address a potentially imminent threat to the Public Official's life.  These harms should be considered at sentencing.  Defendant's statements now that he was not intending to carry out his threats, Def.'s Sentencing Mem. at 2, were not then known to the recipients of the voicemail messages or to responding law enforcement.  The harms contemplated by the charged statute came to fruition here, and the fact that other harms—such as carrying out the threat and physically harming or killing the Public Official—did not come to pass simply does not expunge the former.

Defendant claims that a probation sentence would be consistent with other cases. (Def.'s Sentencing Mem. at 5-7.)  In support of Defendant's argument that courts have issued more lenient sentences than the sentence that the government seeks here, Defendant summarizes some public facts from a selection of cases, at times citing to a press release or to news articles.  (*Id*.)  But, for most of the cases, Defendant has not set forth the Guidelines range, nor does Defendant indicate which sentences were within the Guidelines range for that defendant or were the result of a variance.  Importantly, Defendant has not described the nature of the offense in each case, including the interests of and impact on victims; the defendants' criminal history; or the aggravating and mitigating circumstances that each court considered when crafting a just sentence.  Each case presents unique facts, and, as they must, courts engage in individual sentencing determinations based on facts that generally are not publicly available.  Therefore, the government respectfully submits that this comparison in which Defendant invites the Court to engage, without the benefit of recourse to all of the relevant facts that each court considered in each case, does not show that a Guidelines sentence here would create a disparity in sentencing for similarly situated defendants.

Moreover, none of the cases Defendant cites appears to involve the particular harm that Defendant caused here, to wit, a threat to a public, elected official charged with administering an election—while an election was in fact occurring that day. Defendant made his first threat on the day of Arizona's primary elections, on August 2, 2022, specifically targeting the Public Official for her role in administering elections ("You've drug your feet, you've done nothing, to protect our election for 2020. You're committing election fraud . . . ."), and stating that the Public Official would pay with their life ("You're the enemy of the United States, you're a traitor to this country, and you better put your sh[inaudible], your fucking affairs in order, 'cause your days [inaudible] are extremely numbered. America's coming for you, and you will pay with your life."). On September 9, 2022, Defendant again targeted the Public Official ("You are a terrorist. You are a derelict criminal. And you have a few short months to see yourself behind bars, or we will see you

to the grave.  You are a traitor to this nation, and you will suffer the fucking consequences.")  Defendant left the third voicemail charged here on November 15, 2022, after Arizona's general election and prior to the Public Official's certification of the election results in Arizona, again targeting the Public Official for her role in administering this state's elections ("[W]e will stop, at no end, until you are in the ground.  You're a traitor to this nation.  You're a fucking piece of shit communist, and you just signed your own death warrant.  Get your affairs in order, cause, your days are very short.").  These facts make Defendant's reference to the cases he lists particularly inapt.

Further, Defendant's request for probation or diversion, Def.'s Sentencing Mem. at 5, is inconsistent with the purposes underlying the sentencing factors in 18 U.S.C. § 3553(a).  As has been briefed previously, Defendant repeatedly caused the Public Official and employees at the Arizona Secretary of State's Office to fear that the Public Official's life and safety were in danger, and he caused federal and state law enforcement to expend resources during an election period to identify the source of what law enforcement considered a potentially imminent threat to the life and safety of the Public Official.  A term of custodial, continuous incarceration accounts for the seriousness of the offense, which strikes at one of the tenets of our government:  that public officials should be able to do their jobs free from fear and intimidation.  And given the number of public officials and election workers who have faced threats to their lives and the safety of their families, such a term of imprisonment is necessary for purposes of general deterrence.  For these reasons, the imposition of probation or diversion would also undermine the seriousness of the offense and ultimately not reflect the interests of the victim or the public here.  A custodial term of incarceration here is necessary both to show Defendant the seriousness of his actions and to justly hold Defendant accountable for his criminal conduct.

Further, the calculation of the Guidelines range in the Presentence Investigation Report, ECF No. 50, is correct, and therefore probation is not authorized under the U.S. Sentencing Guidelines.  Though only advisory for this Court, the Guidelines state that "a sentence of probation is authorized if: (1) the applicable guideline range is in Zone A of

the Sentencing Table; or (2) the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of §5C1.1 (Imposition of a Term of Imprisonment)." U.S.S.G. §5B1.1. The Guidelines further state: "Where the applicable guideline range is in Zone C or D of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is ten months or more), the guidelines do not authorize a sentence of probation." U.S.S.G. §5B1.1, Application Note 2 (citation omitted). According to the Presentence Investigation Report, the applicable Guidelines range in this case is in Zone D, and probation is not authorized under the Guidelines. PSR ¶ 59; *see also* U.S.S.G. §5C1.1 ("If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment.").

## II.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to a term of imprisonment of 30 months, not to include probation, to be followed by a period of supervised release.

Respectfully submitted this 21st day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Sean K. Lokey*
Sean K. Lokey
Assistant U.S. Attorney

*/s/ Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

<u>/s/ *Tanya Senanayake*</u>
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice